———o———

EDWARD J. GAMACHE, Appellant, *vs.* HENRY GAMBS, Admr. of W. M. PROVOST, *et al.*, Respondents.

PER CURIAM, JUDGE EWING, DISSENTING.

1. *Wills—Establishment of—Witnesses—Beneficiaries competent.*—Beneficiaries under a will being parties to the action, are competent witnesses in establishing it. [Garvin v. Williams, 50 Mo., 206 affirmed.]

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish* for Appellant.

The Court erred in excluding the plaintiff, the legatee, when offered as a witness by appellant. (Shailer vs. Bumstead, 99 Mass., 130 ; Garvin's Admr. vs. Williams, 50 Mo., 206 ; Granger vs. Barrett, 98 Mass., 463 ; Baxter vs. Abbott, 7 Gray, 82 ; Gay vs. Gay, 5 Allen, 157 ; Looker vs. Davis, 47 Mo., 141 ; Mass. Rev. Stat., 1860, 672.)

*Lackland, Martin and Lackland,* for Respondents.

The testimony of the beneficiary in a will to acquit himself of the charge of practising a fraud or undue influence on the mind of Prevost to procure the will, was incompetent.

The statute says : "Where one of the original parties to the contract or cause of action in issue and on trial is dead, or shown to be insane, the other party shall not be admitted to testify in his own favor."

The question then is, what is the cause of action in this suit to establish the will of Prevost, to which there were original parties or actors ? A cause of action is any matter for which an action may be brought. (1 Bouvier Dic., 247.) The defendants state that the paper is not Prevost's will, for the reason that it was obtained by fraud and undue influence practised by plaintiff himself, upon Prevost in his life time. The issue and cause of action which is distinctly presented by the pleadings, is whether Prevost was imposed upon, and defrauded *in his life time* by plaintiff. If defendant's allegations are true, then the testator Prevost was the victim of the fraud and undue influence, and was therefore an original party to the cause of action, and the plaintiff the fraudulent procurer of the paper, the other party to the cause of action.

A will is a transaction between the deceased and the devisees as much as if it was a deed and not a will, (Garvin vs. Williams, 44 Mo., 471,) and so all authorities agree. If then, there is no difference in the rules of dealing with fraud in procuring a will, and fraud in procuring a deed, the rule of evidence should be the same. If this were a suit to cancel a deed by Prevost, the cause of action would be the fraud in procuring it. In such a case the grantee would not be a competent witness, Prevost being dead.

A party to a cause of action is incompetent for any purpose whatever, if the other party is dead.

The following cases contain a great variety of illustrations of a party's incompetency, where a contract with a deceased party is involved in the determination of the suit: Brown vs. Brightman, 11 Allen, 226; Stanton vs. Ryan, 41 Mo., 510; Parson vs. Parson, 45 Mo., 268; Johnson vs. Quarles, 46 Mo., 429; State *ex rel.* Townshend vs. Meagher, 44 Mo.363. See also (Hollister's Admr. vs. Young, 42 Vt., 403; Merrill, Admr. vs. Pinney, 43 Vt., 606; Fitzsimmon vs. Southwick, 38 Vt., 509; Smith vs. Smith, 1 Allen, 231; Byrne vs. McDonald, *Id.*, 293; Hubbard vs. Chapin, 2 Allen, 328; Fisher vs. Morse, 9 Gray, 440; Woodrow vs. Mansfield, 106 Mass., 112; Merrill, Admr. &c. vs. Brown, 43 Vt., 605; Ayres, Admr. vs. Ayres, 11 Gray, 130; Timon vs. Claffy, 45 Barb., 438; Dyer vs. Dyer, 48 Barb., 190; Van Alstyne vs. Van Alstyne, 28 N.Y. R., 375; Stephens vs. Hartley, 13 Ohio St., 531; Hollister's Admr. vs. Young, 41 Vt., 159; Little vs. Little, 13 Gray, 266; Ford's Exr. vs. Cheney, 40 Vt., 155; Ela, Exr. vs. Edwards, 97 Mass., 318; Granger vs. Bassett, 98 Mass., 468.—Shailer vs. Bumstead, 99 Mass., 130 is evidently not a well considered case and is contrary to prior decisions in that State. It says there was no cause of action till the death of the testatrix. But action and cause of action are different things. When suit was brought the cause of action reached back to the fraud and influence, which took place before the death. That case was ruled on the idea that there was a difference between a will and a deed, which idea is overthrown in Garvin vs. Williams, 44 Mo. 477.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff was the devisee in the will of William M. Prevost, and presented the will for probate in the St. Louis County Probate Court, where it was rejected.

He then filed his petition in the Circuit Court to have the same established. On the trial he offered to testify as a witness and his evidence was ruled out on the ground that he

was incompetent to be introduced for that purpose. His rejection as a witness constitutes the only error complained of.

The precise question here raised was decided by this Court, at its October Term, 1872, in the case of Garvin vs. Williams, where it was held that in an issue to try the validity of a will, the beneficiaries under the will being parties to the action are competent witnesses in favor of the will. The real question in such a case is, whether there is a will or not, and upon that question all the parties have a right to testify.

That case is decisive authority, and the judgment must be reversed and the cause remanded. The other Judges concur except Judge Ewing.